IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRANK BOWDEN, | § | |
| | § | No. 425, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1809015849 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 3, 2021
Decided: July 1, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1) In January 2019, a grand jury indicted the appellant, Frank Bowden, for multiple crimes including attempted first-degree murder, first-degree rape, and first-degree kidnapping. On November 25, 2019, Bowden pleaded guilty to second-degree rape and second-degree kidnapping. On November 13, 2020, the Superior Court sentenced Bowden as follows: (i) for second-degree rape, twenty-five years of Level V incarceration to be suspended after twenty years served under 11 *Del. C.* § 4204(k) without the benefit of any form of early release ; and (ii) for second-degree

kidnapping, fifteen years of Level V incarceration suspended for decreasing levels of supervision. This appeal followed.

(2)     On appeal, Bowden's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Bowden of the provisions of Rule 26(c) and provided Bowden with a copy of the motion to withdraw and the accompanying brief.

(3)     Counsel also informed Bowden of his right to identify any points he wished this Court to consider on appeal. Bowden has submitted points for this Court's consideration. The State has responded to Bowden's arguments and has moved to affirm the Superior Court's judgment.

(4)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)     Bowden's arguments on appeal may be summarized as follows: (i) the Section 4204(k) condition was not mentioned in the plea agreement and was unfair;

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

and (ii) the Superior Court displayed bias and prejudice by disregarding his statements at sentencing and cutting him off. After careful consideration, we find no merit to Bowden's appeal.

(6) The plea agreement reflects the following as to Bowden's possible sentence: (i) a request by both parties for a presentence investigation; (ii) the second-degree rape conviction was subject to a ten-year minimum mandatory sentence; (iii) the State agreed to cap its sentencing recommendation to twenty years of Level V incarceration; and (iv) Bowden agreed to ask for not less than eighteen years of Level V incarceration. At sentencing, the State requested a twenty-year sentence, but noted the existence of aggravating factors, including the lack of remorse expressed by Bowden during the presentence investigation. The State also read a letter from the victim's mother.

(7) Counsel requested an eighteen-year sentence, emphasizing that Bowden had apologized to the victim in the presentence investigation and that many people had submitted supportive letters on his behalf. In his statement to the Superior Court, Bowden said he was not guilty of everything he was accused of, but that he was raised to accept the part he played in every situation. He asked for forgiveness from the victim, the court, and his friends and family for the role he played in the situation. In response to the Superior Court's question concerning

3

whether he committed the crimes he pleaded guilty to, Bowden stated that he did not commit those crimes.

(8) The Superior Court judge proceeded to sentence Bowden, noting the disconnect between the supportive letters, the crimes Bowden pleaded guilty to, and Bowden's statements. The Superior Court decided to sentence Bowden within the sentencing recommendations of the parties, but required Bowden to serve the non-suspended Level V time under Section 4204(k). As to the possibility that the sentence exceeded SENTAC guidelines, the Superior Court emphasized that Bowden's statements reflected a lack of sincere remorse and that a lesser sentence would unduly depreciate the nature of Bowden's crimes and their lasting impact upon the victim. The Superior Court denied Counsel's request for removal of the Section 4204(k) condition.

(9) To the extent Bowden challenges his guilty plea based on the lack of reference to Section 4204(k) in the plea agreement, the record reflects that his plea was knowing, intelligent, and voluntary. In the Truth-in-Sentencing Guilty Plea form, Bowden indicated that he freely and voluntarily decided to plead guilty and that he understood that he waived certain constitutional rights, including his right to be presumed innocent until the State proved every element of the charges against him beyond a reasonable doubt. During his guilty plea colloquy with the Superior Court, Bowden stated that he understood the Superior Court could set aside the

4

sentencing recommendations of both parties and sentence him to up to forty years of imprisonment. Bowden also stated that he pleaded guilty to second-degree rape and second-degree kidnapping because he had committed those offenses. Absent clear and convincing evidence to the contrary, which he has not identified, Bowden is bound by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[2]

(10) As to Bowden's challenges to his sentence, "[a]ppellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3] When a sentence is within statutory limits, the Court will not find an abuse of discretion unless the sentencing judge relied on impermissible factors or exhibited a closed mind.[4] "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[5]

(11) The second-degree rape and second-degree kidnapping sentences fall within statutory limits.[6] The Section 4204(k) condition is also statutorily authorized.

---

[2] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] *Id.*
[5] *Id.*
[6] 11 *Del. C.* § 772 (providing that second-degree rape is a class B felony subject to a minimum sentence of ten years at Level V); 11 *Del. C.* § 783 (providing that second-degree kidnapping is a

Under Section 4204(k), a trial court may require that a Level V sentence "be served without benefit of any form of early release, good time, furlough, work release, supervised custody or any other form of reduction or diminution of sentence."[7] The Superior Court judge concluded that a Section 4204(k) condition was appropriate based on the facts and circumstances of this case, which the judge described as "the worst nightmare for anyone who cares about any woman, because here was somebody who was vulnerable in that they trusted that they would get a ride and, then, was treated in the worst possible way."[8] Even with the Section 4204(k) condition, Bowden's non-suspended Level V time is significantly less than the forty years of Level V incarceration that he acknowledged the Superior Court could impose.

(12) Contrary to Bowden's contentions, the record does not reveal any display of bias or prejudice by the Superior Court judge. As required by Superior Court Criminal Rule 32(a)(1)(C), the judge addressed Bowden personally to determine if he wished to make a statement before sentencing. Bowden claims that the Superior Court judge cut him off as he made his statement, but the sentencing transcript reflects that the judge asked Bowden several questions only after Bowden

---

class C felony); 11 *Del. C.* §4205(b) (imposing sentence of two to twenty-five years of Level V incarceration for a class B felony and up to fifteen years of Level V incarceration for a class C felony);

[7] 11 *Del. C.* § 4204(k)(1).

[8] Appendix to Opening Brief at A30, A34.

had expressed humility, accepted some responsibility, and requested forgiveness. After Bowden answered those questions, the Superior Court proceeded to sentence him. Bowden did not ask to speak further or give any indication that he had not finished his personal statement to the Superior Court.

(13) As to Bowden's claim that the Superior Court disregarded his personal statement, he is mistaken. The Superior Court acknowledged hearing Bowden's expressions of remorse, but also recognized there was a lot of hedging and questioned the sincerity of Bowden's remorse. The Superior Court did not abuse its discretion in sentencing Bowden.

(14) Having carefully reviewed the record, we conclude that Bowden's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Bowden could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

7